## Case No. 9,726.

### In re MONTGOMERY.

[3 Ben. 364;[1] 3 N. B. R. 137 (Quarto, 35).]

District Court, S. D. New York. Aug., 1869.

BANKRUPTCY—PAYMENT OF FEES OF BANKRUPT'S ATTORNEY BY ASSIGNEE.

Where, in involuntary bankruptcy proceedings, the attorney for the bankrupt petitioned the court for the payment of his bill for services in the matter, out of the funds in the hands of the assignee, and the register certified that such services had saved the estate considerable expense, and recommended the payment of the bill: *Held*, that, if the assignee should, in writing, approve of the payment, on the grounds set forth, an order would be made allowing the payment.

In this case, which was a proceeding in involuntary bankruptcy, the attorney for the bankrupt [Henry B. Montgomery] presented to the court a petition for the payment of his bill for services rendered in the matter, setting forth that, by his advice, the bankrupt had not opposed the proceedings, whereby a long litigation was saved to the creditors; that he spent much time in preparing the schedules of the bankrupt's debts and property; that, by his advice, property which had been transferred by the bankrupt, had been surrendered to the assignee, to the amount of some $6,000; that the bankrupt had no property; and that the attorney would be unpaid for his services, unless his bill was paid out of the moneys in the hands of the assignee. He prayed for an order directing such payment. Accompanying the petition was a certificate of the register, as follows: "I think that the services and advice of Mr. Olney has saved the estate, in the above matter, considerable expense, and expedited the conversion of the estate into money; and, if consistent with the practice in like cases, I would recommend the payment of the above bill out of the funds in the hands of the assignee."

[To the Hon. Samuel Blatchford, District Judge of the District Court for the Southern District of New York: The petition of Jas. B. Olney, attorney and counselor at law, shows that a petition in bankruptcy was filed in this court against Henry B. Montgomery, claiming that said Montgomery, by a sale to Baldwin Griffin, violated provisions of the bankrupt act [of 1867 (14 Stat. 517)], and asked that he be adjudicated a bankrupt. Your petitioner further shows that Henry B. Montgomery and Sylvester B. Sage were co-partners, and in 1868, Sage sold out to Mont-

---

[1] [Reported by Robert D. Benedict, Esq., and here reprinted by permission.]

gomery, and the firm was dissolved; but the partnership was in fact insolvent on the last days of December, 1868. Sage was declared bankrupt. Montgomery sold his property, real and personal, to his father, Thomas Montgomery, and Baldwin Griffin, his brother-in-law, to secure them for moneys advanced to him by them. It was of this transfer that Montgomery's creditors complained, and a petition was filed in this court as aforesaid. Your petitioner further shows that by his counsel and advice all the property transferred by said Montgomery to his father and Griffin, both real and personal, was at once surrendered, given up, and transferred to the assignee without any trouble, expense, or hindrance on the part of the bankrupt or his friends, and the assignee has taken possession of the same and turned the same into money, and realized from the sale thereof some six thousand dollars, as your petitioner is informed and believes true, and the said amount is now in his hands awaiting distribution. Your petitioner further shows that said bankrupt has voluntarily surrendered all his property to the said assignee, and that he is to-day not worth one dollar, and has no means with which to pay the petitioner's fees and expenses as counsel, and which services are rendered necessary therein; and that by reason of the counsel, advice, services, fees, and expenses so made and incurred, and rendered by said petitioner to and for said Montgomery, as stated in the schedule hereto annexed, there has been actually saved to said estate and the creditors the sum of five hundred dollars, and your petitioner will go unpaid and unrewarded for his services and expenses, unless the same be paid out of the moneys in the hands of the assignee. Your petitioner further says that the services and expenses set forth in the annexed bill are true and correct, and the charges reasonable, and that your petitioner has had no pay therefor. Your petitioner, therefore, asks that an order may be granted allowing to him the amount of said bill from the moneys in the hands of the assignee. Jas. B. Olney.

[Estate of H. B. Montgomery,
To Jas. B. Olney, Dr.

February 20, 1869.—To services at New York two days from Catskill, on order to show cause why decree of bankruptcy should not be made, before the United States district court .............................. $ 40 00
Expenses .......................... 18 60
Services making and copying inventory and schedules for Montgomery, two days ............................ 20 00
Cash paid for blanks.................. 2 60
Services on first meeting in preparing papers bankrupt .................. 10 00
Services at subsequent times, and attendance before register for Montgomery, and counsel................ 30 00
Services rendered otherwise in bankrupt proceedings .................. 15 00
August 17.—Services before the register on behalf of Montgomery....... 20 00
_____
$156 20

[By THEODORE B. GATES, Register:
[I think that the services and advice of Mr. Olney has saved the estate in the above matter considerable expense, and expedited the conversion of the estate into money, and, if consistent with the practice in like cases, I would recommend the payment of the above bill out of funds in the hands of assignee.] [2]

BLATCHFORD, District Judge. If the assignee shall, in writing, approve of the payment of this bill out of the funds of the estate, on the grounds set forth in the petition of Mr. Olney, and in the certificate of the register, and of the amount of the charges, an order will be made allowing its payment.

[NOTE. This case was subsequently heard upon motion of assignee to strike out claim of Baldwin Griffin, a preferred creditor, who had voluntarily surrendered his preference. Case No. 9,728. Afterwards James B. Olney was allowed to file supplemental proof of debt. Id. 9,729. Upon motion of assignee, the proof of debt filed by Jonathan B. Cowles was stricken out. Id. 9,730. The case was then heard for a determination of the priorities of creditors (Id. 9,727), and finally upon the application of Thomas Montgomery, a creditor, to be allowed to amend proof of claim (Id. 9,731).]